1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBBY GENTHNER,<br><br>            Plaintiff,<br><br>    vs.<br><br>KENNETH CHONG, M.D., *et al.*,<br><br>          Defendants. | **Case No. 1:16-cv-01534-AWI-EPG**<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT AND MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>OBJECTIONS DUE WITHIN FIFTEEN (15) DAYS<br><br>(ECF No. 1) |

## I.   INTRODUCTION

Plaintiff Debby Genthner, appearing *pro se*, filed a Complaint on October 12, 2016. (ECF No. 1.)  The Complaint alleges injuries stemming from medical malpractice by Defendants Kenneth Chong, M.D. and the Fresno Imaging Center.  *Id.*  Plaintiff also seeks to proceed *in forma pauperis* in this action.  The Court has screened the Complaint and Motion to Proceed *In Forma Pauperis* and makes its recommendations herein, namely, that Plaintiff's Motion be denied and the Complaint be dismissed.

## II.   APPLICATION TO PROCEED IN FORMA PAUPERIS

As a general rule, all parties instituting any civil action, suit, or proceeding in a district court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the

commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Ninth Circuit has held that "permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). The Court has broad discretion to grant or deny a motion to proceed *in forma pauperis*. *O'Laughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (a "district court may deny leave to proceed [*in forma pauperis*] at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."). Because, as explained below, Plaintiff's Complaint is frivolous and without merit, the application to proceed *in forma pauperis* is denied.

## III.   LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## IV.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that she received an x-ray at the Fresno Imaging Center on October 7, 2014. She claims that she has a foreign body in her intestines that is causing her discomfort and problems eating. Although Defendants saw the foreign body during her visit to the Center, however, Plaintiff asserts that they did not "diagnose" the foreign body or report the foreign body to the referring physician. She also believes that Defendants should have reported the existence of the foreign body to law enforcement authorities because "[t]he only way this could get there is if someone put it there against my will when I was incapacitated." (Complaint 3:9-11, ECF No. 1.) Based on this conduct, Plaintiff alleges violations of California Penal Code §§ 11160 and 11161. She also makes a passing reference to 42 U.S.C. § 1983. She asks for compensatory and punitive damages, as well as an order revoking Defendants' licenses to practice medicine and imposing criminal charges on Defendants.

## V.    DISCUSSION

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, a plaintiff's pleading must establish the

3

existence of subject matter jurisdiction.  Generally, there are two potential bases for federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction.

"[A] case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002), *quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983).  The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.*

Here, the complaint does not appear contain any allegation of a violation arising under the Constitution, federal law, or treaties of the United States.  Plaintiff cites to 42 U.S.C. § 1983 at one point in her Complaint, but § 1983 does not relate to any of her claims.  To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Neither of these has been alleged in this instance; there is no violation of a constitutional right or of federal law, nor were any of the Defendants acting under color of state law.  Defendants are a private company, Fresno Imaging Center, and employees of that company. Plaintiff's claims are state claims for medical malpractice and do not invoke federal subject matter jurisdiction. *Kaohi v. Kaiser Found. Health Plan, Inc.*, Case No. 15-00266 SOM/RLP, 2015 WL 6472231, at *5 (D. Haw. Oct. 27, 2015) (remanding medical malpractice claims to state court).

Alternatively, under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  28 U.S.C. § 1332.  "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff."  *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010), *citing* 28 U.S.C. § 1332(a).  "A plaintiff suing in federal

4

court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id.*, *quoting Smith v. McCullough*, 270 U.S. 456 (1926).

As an initial matter, Plaintiff does not make any allegation that diversity jurisdiction exists. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-858 (9th Cir. 2001) ("the party asserting diversity jurisdiction bears the burden of proof."). Moreover, Plaintiff resides in California and Defendant Fresno Imaging Center has its principal place of business in California. Both parties are citizens of California and diversity jurisdiction thus does not exist. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.") Defendant Chong also appears to reside in California, making diversity jurisdiction impossible. Finally, Plaintiff makes no allegations related to the amount in controversy in the case, precluding diversity jurisdiction.

Dismissal of a *pro se* complaint without leave to amend is appropriate where any opportunity to amend the complaint would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). Remedial amendments would require Plaintiff to plead new facts that are completely different from the facts the Complaint already alleges. Dismissal without leave to amend is thus appropriate.

## VI.    RECOMMENDATION

For the reasons set forth above, the Court finds that the Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2). Accordingly, the Court RECOMMENDS that the Application to Proceed *In Forma Pauperis* be DENIED and the Complaint be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to the provisions of Title 28 of the United States Code

section 636(b)(1). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 31, 2016**         /s/ Erica P. Grosj

UNITED STATES MAGISTRATE JUDGE